## PACKARD MOTOR CAR CO. et al. v. OVERLAND MOTOR CO.

(District Court, N. D. Illinois, E. D. March 22, 1924.)

### No. 2622.

Patents ⊂⊃328—1,103,567, relating to hubs of motor vehicles, held valid and infringed.

> Patent No. 1,103,567, relating to front and rear hubs of motor vehicles, permitting convenient and quick interchange of wheels, *held* valid and infringed.

In Equity. Suit by the Packard Motor Car Company and another against the Overland Motor Company. Decree for plaintiffs.

Frank Parker Davis, of Chicago, Ill., and Clarence S. Walker, of Jamestown, N. Y., for plaintiffs.

Melville Church, of Washington, D. C., and C. B. Des Jardins, of Philadelphia, Pa., for defendant.

CLIFFE, District Judge. The plaintiffs in this cause charge that the defendant is using and selling a device for improvement in motor vehicles, in violation of plaintiffs' rights and in infringement of letters patent No. 1,103,567, issued July 14, 1914.

The record discloses that one Edward P. Cowles was the original inventor of, and the applicant for letters patent upon, a device for an improvement in motor vehicles, more fully described in the specifications for patent; that before the issuance of said letters patent the said Cowles assigned all his rights under said application to one James A. Watson, who afterwards assigned his rights therein to the plaintiff Packard Motor Car Company; that thereafter the said Edward P. Cowles filed in the Patent Office a division of said application, describing and claiming a part of the aforesaid invention, and, having been found duly entitled to letters patent for the invention described in said divisional application, letters patent of the United States No. 1,103,567, covering said invention, were issued to said plaintiff Packard Motor Car Company; that thereafter said Packard Motor Car Company granted to the plaintiff Wire Wheel Corporation of America a license, exclusive except as to itself, to employ the invention covered by said letters patent, and to make, use, and sell detachable wheels, employing in connection therewith the invention described and claimed in said letters patent; that an object of this invention is to provide for

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a front and rear hub so constructed as to permit a convenient and quick interchange of wheels, or the substitution of a spare wheel for a disabled wheel without taking down the bearings, by making all the wheel hubs substantially similar, and by providing hub-receiving members for the front steering spindle and the rear driving axle, respectively, with parts of similar exterior form, so that the wheels may be interchangeable on the front steering spindle and the rear driving axle, all as set forth in claims 9, 11, and 18 of said patent.

The record further shows that the device used by the defendant embodies the idea of the Cowles invention covered by said letters patent, the main difference being in design of construction and measurements, while the principle of the invention is not deviated from in the device used by the defendant. I therefore find that, unless there is something in the prior art to invalidate or restrict the claims of said patent, the defendant is guilty of infringement thereof.

The defendant contends that the claims put in issue are not for patentable invention in view of prior art, and cover what is commonly called standardization of parts. The defendant further maintains that the inventor claimed the interchangeable wheel idea in his 1899 application, but that on subdivision of this application at the request of the Patent Office, the claims were abandoned and abandoned beyond recapture.

I find from the evidence and exhibits that defendant has not conclusively proved the unpatentability of the invention in view of prior art. I find that the device in question is a new and useful invention subject to patentability, and not the mere result of mechanical skill such as might occur to any skilled worker on vehicle wheels; that the patentability of this interchangeable wheel idea is not barred by prior use, patent, or description in printed publication of this or any foreign country; and that on the subdivision of the inventor's application at the request of the patent office the claims in issue were not abandoned. I therefore find that the plaintiffs have a substantial and prior right to said invention, as evidenced by said letters patent and said license, as against the defendant Overland Motor Company.

It is therefore ordered that a writ of injunction issue out of and under the seal of this court, directed to the defendant Overland Motor Company, enjoining and restraining it and its officers, agents, attorneys, and workmen, and each of them, from making, using, and selling, or offering for sale, the invention and improvement described and claimed in the aforesaid letters patent, or any part thereof, or any vehicles or vehicle wheels embodying said invention and improvement, or any part thereof, or like or similar to the vehicles and vehicle wheels which said defendant has heretofore used and sold in violation of plaintiffs' rights and in infringement of the aforesaid letters patent, and that the matter of accounting under this finding is hereby referred to Charles B. Morrison, a master in chancery of this court, to take an account of all matters and things relating to said controversy and the gains and profits, if any, which have been made in violation or infringement of said letters patent, and to state an account under this decree with all convenient speed.